## REDMAN v MINNIS et

Ohio Appeals, 1st Dist, Butler Co

No 535. Decided May 31, 1932

B. F. Harwitz, Middletown, and C. W. Elliott, Middletown, for plaintiff.

P. P. Boli, Hamilton, and Walter S. Harlan, Hamilton, for defendants.

ROSS, PJ.

If we were to find the trust agreement invalid, the plaintiff would be entitled to no stock, for only through its terms is he entitled to any interest therein. Obviously, therefore, he can not affirm the instrument for one purpose and disclaim it for another. The instrument is as follows:

"VOTING TRUST AGREEMENT

Hamilton, Ohio, September 18, 1929.

In consideration of One Dollar and other good and valuable consideration, I hereby deposit in trust with Ralph R. Asbury, Secretary of the Memorial Development & Construction Company, an Ohio Corporation of Hamilton, Ohio, Certificate No. 29, representing 614 shares of the no par common stock of the said Memorial Development & Construction Company, issued in the name of E. E. Redman, same to be held by the said Ralph R. Asbury as Secretary, and his successors in office, for a period of ten (10) years from date hereof; and

"I further agree for myself, my heirs, administrators, executors and assigns, that the voting power of said stock shall be vested in the Board of Directors of the said Memorial Development & Construction Company and their successors in office, while said stock shall be so held in trust; and direct that the voting power of said stock shall be voted as directed by a majority of said Board of Directors upon all questions and matters upon which said stock is entitled to vote; and

"I hereby for myself, my heirs, executors, administrators and assigns do ratify and affirm the acts of said Board of Directors or their successors in office in so voting said 614 shares of stock herewith deposited in trust.

"It is understood that said 614 shares of stock herewith deposited in trust may be released from said trusteeship by mutual consent expressed in writing by the said E. E. Redman, his heirs, executors, administrators or assigns, and by a resolution to that effect adopted by a majority of the Board of Directors of the said Memorial Development & Construction Company.

"It is understood that the right of the said E. E. Redman to receive the dividends that shall be declared upon the stock so trusteed herein, shall not be affected or impaired by reason of the deposit of said stock in trust as above set forth.

E. E. REDMAN.

Witness:

Lula M. Pelley.

Acceptance by Trustee

September 13, 1929.

"I, Ralph R. Asbury, Secretary of the Memorial Development & Construction Company, do hereby accept and acknowledge receipt of Certificate No. 29 representing 614 shares of the no par common stock of the Memorial Development & Construction Company issued in the name of E. E. Redman, and agree for myself and my successors in office to hold said certificate of stock in trust subject to the above stipulations and agreements.

R. R. ASBURY,

Trustee."

Sec 8623-34 GC specifically authorizes such agreements for periods not to exceed ten years. Unless the instrument contains provisions against public policy, it is, therefore, valid. We find nothing in it against public policy, in view of the circumstances surrounding its execution and the effect upon those interested or to become interested in the corporation.

The defendants have also prayed for equitable relief against the plaintiff, claiming that he has conducted himself in a manner inimical to the interests of the corporation. We do not find sufficient evi-

dence to warrant issuing an order of injunction against the plaintiff.

A decree may be presented, dissolving the injunction issued by the trial court, and dismissing the petition of plaintiff, and denying the relief prayed for by the defendants.

HAMILTON and CUSHING, JJ, concur.